**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

AMOS COOPER
ADC #129093                                                                                         PLAINTIFF

V.                                         2:11CV00044 SWW/JTR

BURL, Warden,
East Arkansas Regional Unit, et al.                                                     DEFENDANTS

**ORDER**

Plaintiff, Amos Cooper, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2.

**I. Application to Proceed *In Forma Pauperis***

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has disclosed his average monthly balance but *not* his average monthly deposits. *See* docket entry #1. The Court must know *both* averages before assessing an initial partial filing fee. *See* 28 U.S.C. § 1915(3)(b)(1) (providing that the initial partial filing fee shall be "20% of the *greater* of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account") (emphasis added). Accordingly, Plaintiff will be given thirty days to have an authorized prison official complete a prisoner trust fund calculation sheet, which provides the missing information.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff alleges that Defendants violated his constitutional rights when they: (1) held him in punitive isolation for fourteen days longer than he was suppose to be so confined; and (2) failed to provide him with access to his personal property, thereby making it impossible for him to telephone his family members to make arrangements to attend his grandmother's funeral. *See* docket entry #2. The Court needs additional information in order to complete the screening process mandated by § 1915A.

Accordingly, Plaintiff must file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) why he was placed in punitive isolation; (2) the total number of days he spent in punitive isolation; (3) whether he ever asked Defendant Burl, Ball, Westbrook, and/or

Jackson for access to his personal property, or otherwise, for permission to telephone his family members; (4) whether he ever asked Defendant Burl, Ball, Westbrook, and/or Jackson for permission to attend his grandmother's funeral, and if so, why his request was denied; and (5) what specific constitutional rights he believes *each* of the four Defendants violated, and how *each* of them personally did so.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff a prisoner trust fund calculation sheet.

2. Plaintiff shall file, **within thirty days of the entry of this Order**, a fully and properly completed prisoner trust fund calculation sheet.

3. Plaintiff shall file, **within thirty days of the entry of this Order,** an Amended Complaint containing the information specified herein.

4. Plaintiff is reminded that the failure to timely and properly comply with this Order will in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this <u>18th</u> day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE