**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

AMOS COOPER
ADC #129093                                                                                                    PLAINTIFF

V.                                          2:11CV00044 SWW/JTR

BURL, Warden,
East Arkansas Regional Unit, et al.                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Amos Cooper, is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction. He has commenced this § 1983 action alleging that Defendants violated his constitutional rights. *See* docket entries #2 and #8. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II.  Discussion

**A.   Due Process Claim**

Plaintiff contends that, in May of 2010, he was ordered to spend 30 days in punitive isolation as punishment for a disciplinary conviction. *See* docket entry #2 and #8. Plaintiff does not challenge that disciplinary conviction. *Id.* Instead, he contends that, when his 30 days were completed, Defendants EARU Warden Burl, EARU Assistant Warden Ball, Classification Officer Westbrook, and Captain Jackson improperly kept him in punitive isolation for another 14 days while they were conducting classification reviews to determine where Plaintiff should be housed upon his release from punitive isolation. *Id.* Accordingly to Plaintiff, the extra 14 days he spent in punitive isolation constitutes a violation of his due process rights.

It is well settled that a prisoner has a right to due process, under the Fourteenth Amendment, only if he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). In *Sandin,* and its progeny, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time. *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (finding no liberty interest where a prisoner served 45 days in administrative segregation before disciplinary decision was reversed); *Hemphill v. Delo,* Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 4 days of lockdown, 30 days in punitive

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" when compared to the burdens of ordinary prison life); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library"was not an atypical and significant hardship). Thus, Plaintiff has failed to state a viable due process claim in connection with any of the 44 days he spent in punitive isolation.

**B.    Cruel and Unusual Punishment Claim**

Plaintiff also contends that Defendants subjected him to cruel an unusual punishment, in violation of the Eighth Amendment, when they denied him access to his personal property while he was in punitive isolation. *See* docket entries #2 and #8. Specifically, Plaintiff explains that his grandmother died on June 14, 2010. Because Plaintiff was in punitive isolation, he did not have access to his personal property, which included his family's telephone numbers. Without the telephone numbers, Plaintiff was unable to contact his family to make arrangements to attend his grandmother's funeral.

Prisoners do not have a constitutional right to attend a family member's funeral. *See Merritt v. Broglin*, 891 F.2d 169, 174-75 (7th Cir. 1989); *Elliott v. Norris*; Case No. 1:10CV0001 JMM/JJV, 2010 WL 2605745 (E.D. Ark. May 21, 2010) (unpublished opinion); *Hilliard v. Andrews*, Case No. 05-75, 2005 WL 1629954 (W.D.La. July 8, 2005) (unpublished opinion); *Bradley v. Beck*, Case No. 1:01CV225-02-MU, 2001 WL 34610459 (W.D.N.C. Oct. 19, 2001) (unpublished opinion); *Cruz v. Sielaff*, 767 F .Supp. 547, 550 (S.D.N.Y.1991).

More importantly, Plaintiff does not allege that any of the Defendants specifically denied his

request to attend his grandmother's funeral. Instead, he alleges that they denied him access to his personal properly, thereby making it impossible for him to call unspecified family members about making funeral arrangements. However, Plaintiff *concedes* that, upon learning of his grandmother's death, prison guards allowed him to go to the chaplain's office and call his wife. *See* docket entry #2 at 6. Plaintiff has not explained why his wife could not have made the arrangements for Plaintiff to attend the funeral or contacted other family members who could have made the necessary arrangements. Thus, Plaintiff has failed to state a viable Eighth Amendment violation.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 19th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE